| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire (pro hac vice)<br>Turner N. Falk, Esquire<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:  edmond.george@obermayer.com<br>          michael.vagnoni@obermayer.com<br>          turner.falk@obermayer.com<br><br>Counsel to the Debtor and Debtor in Possession | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                    Plaintiff,<br><br>    v.<br><br>DIRECT ENERGY BUSINESS, LLC and DIRECT ENERGY BUSINESS MARKETING, LLC D/B/A DIRECT ENERGY BUSINESS,<br><br>                    Defendant. | ADVERSARY NO.<br><br><br><br>**COMPLAINT** |

Aluminum Shapes, L.L.C. (the "Debtor" or the "Plaintiff"), by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, brings this adversary proceeding against Defendants and Creditors, Direct Energy Business, LLC ("DEB") and Direct Energy Business Marketing, LLC d/b/a Direct Energy Business ("DEBM" and collectively with DEB the

"Defendants" or the "Creditors"), and states as follows:

## PRELIMINARY STATEMENT

1. This adversary proceeding is commenced by the Debtor, pursuant to §§ 506 and 544, of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), and Rules 7001(2) and (8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This instant adversary proceeding arises from Defendants' failure to properly levy upon a judgment it obtained in the Superior Court of New Jersey, Camden County.

3. The Defendants' failure to properly levy renders the Lien created by that judgment avoidable pursuant to sections 506 and 544 of the Bankruptcy Code.

4. Accordingly, the Debtor requests avoidance of the Lien, a determination that the Defendants' claim is unsecured, and related relief.

### I.     PARTIES

5. The Debtor, Aluminum Shapes, L.L.C., is a limited liability company doing business in New Jersey, with an address at 9000 River Road, Delair, New Jersey 08110.

6. Upon information and belief, DEB is Delaware limited liability company, with an address at 194 S. Wood Avenue, Iselin, New Jersey 08830.

7. Upon information and belief, DEBM is Delaware limited liability company, with an address at 194 S. Wood Avenue, Iselin, New Jersey 08830.

### II.    JURISDICTION AND VENUE

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H), (O), and (K).

4868-4993-4592

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, and sections 506 and 544 of the Bankruptcy Code.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11. This adversary proceeding is initiated under Bankruptcy Rule 7001(2) and (8) for avoidance and recovery, determination of secured status, bifurcation, and related relief pursuant to sections 506 and 544 of the Bankruptcy Code.

12. The Debtor consents to the entry of a final order by this Court in the event that, absent such consent, this Court does not possess the authority to enter a final order pursuant to Article III of the Constitution.

### III.    BACKGROUND

**The Debtor's Business and Bankruptcy**

13. The Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration of Jordan Meyers in Support of First Day Motions. (Bkr. DI #17).

14. The Debtor owns and operates a single location at 9000 River Road, Delair, New Jersey, consisting of approximately 500,000 square feet of industrial space, including a cast house, foundry, and processing area (the "Real Property"). Id.

15. The Debtor also owns machinery, fixtures, and equipment, including a valuable cast house and foundry furnace, several presses, and processing equipment. Id.

16. On June 18, 2021, the Debtor engaged Cowen and Company, LLC ("Cowen") as investment banker to explore a sale of the Debtor's Business or Assets.

17. Based on market feedback, the Debtor, in consultation with its advisors, determined

3

that a continued operation of Debtor's business was not viable or achievable under the current financial circumstances, and the Debtor decided to sell the Debtor's business or assets (the "Assets").

18. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

19. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is the Plaintiff in the instant adversary proceeding.

20. No request has been made for the appointment of a trustee or examiner.

21. An Official Committee of Unsecured Creditors has been appointed in this case.

22. The Debtor has employed professionals to market and sell the Assets pursuant to a motion to sell, which sale will establish the fair market value of the Assets and the allocation of that value between specific Assets.

23. As of the Petition Date, the Debtor had outstanding secured debt obligations in the aggregate principal amount of no less than $9,270,525.89 (the "Prepetition Secured Debt") to its pre-petition secured lender, Tiger Finance, LLC ("Tiger"), pursuant to that Certain Credit Agreement between Tiger and the Debtor dated June 5, 2019 (as subsequently amended[1]), and term notes issued thereunder. The Prepetition Secured Debt was secured by a first priority lien on all of the Debtor's Assets.

24. On September 29, 2021, the Court entered a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 (I)

---

[1] The Credit Agreement was most recently amended by a Seventh Forbearance Agreement and Seventh Amendment to Credit Agreement, dated July 27, 2021.

4

4868-4993-4592

Authorizing Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Superpriority Claims, (III) Authorizing Use of Cash Collateral, and (IV) Modifying the Automatic Stay (the "Final DIP Order"). (Bkr. DI #116). Pursuant to the Final DIP Order, the Debtor was authorized to borrow up to $15,500,000 in debtor-in-possession financing (the "DIP Facility") from Tiger, including a roll-up of the Prepetition Secured Debt, pursuant to the term of a Senior Secured Super-Priority Debtor-in-Possession Credit Agreement between Tiger and the Debtor, dated August 15, 2021. As security for the DIP Facility, the Final DIP Order provided Tiger with superpriority claims secured by priming, first priority liens on all of the Debtor's Assets that are "senior and superior in priority to all other secured and unsecured creditors of the Debtor's estate." Final DIP Order at ¶ 6.

25. The Debtor's Assets will be sold pursuant to the outcome of an auction conducted on or about November 10, 2021.

26. The instant proceeding is intended to *inter alia* recover transfers to Direct Energy, determine secured status of Direct Energy's claims, bifurcate claims, and determine the allowance of Direct Energy's claims, if any.[2]

## The Creditor's Claims

27. Upon information and belief, the Defendants are energy service companies in the business of selling natural gas and electricity to end-users.

28. Prior to the Petition Date, the Defendants provided natural gas service to the Debtor.

29. On August 26, 2019, the Defendants initiated a collections action in the Superior Court of New Jersey, Camden County, Docket Number L-003390-19, for all sums alleged to be due owing on the underlying debt (the "Pre-Petition Action").

---

[2] The Debtor has filed other adversary proceeding complaints contemporaneously herewith seeking to avoid certain other liens on similar grounds as set forth herein.

4868-4993-4592

30. On March 19, 2021, a judgment based upon an arbitration award was entered in the Pre-Petition Action in favor of the Defendants and against the Debtor in the amount of $834,252.47 (the "Judgment").

31. Pursuant to New Jersey law, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

32. The Defendants failed to take any steps to execute upon or otherwise perfect the Judgment and the Lien. A true and correct copy of the docket for the Pre-Petition Action is attached as **Exhibit "A"** hereto.

33. Defendants filed a proof of claim on October 22, 2021, alleging an unsecured claim of $834,252.47 (the "POC").  (POC #10025).

## FIRST COUNT

## AVOIDANCE OF THE LIEN UNDER 11 U.S.C. §544

34. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

35. Pursuant to 11 U.S.C. §544(a) the Debtor, as debtor in possession, stands in the shoes of a hypothetical ideal creditor who obtains an execution against the Debtor that is returned unsatisfied on the Petition Date.

36. Under New Jersey law, a creditor holding an unexecuted levy occupies a lower priority on real property than a creditor who has already executed upon its lien, even if such execution remains unsatisfied.

37. Although real property is subject to execution and levy, neither execution nor levy are automatic upon the entry of a judgment, and require additional affirmative acts for any lien to become perfected. N.J.S.A. §2A:17-17.

38. A writ of execution is not binding until it is delivered to the sheriff of the appropriate county. See N.J.S.A. § 2A:17-10.

39. The Defendants have not taken any steps to execute upon the Judgment and the Lien, and levy upon the Debtor's Assets. See **Exhibit "A"** attached hereto.

40. As a result of the Defendants' failure to both execute upon the Judgment and the Lien, and levy upon the Debtor's Assets, the Lien is lesser in priority to creditors with superior priority interest in the Debtor's Assets, including creditors that have executed against the Real Property as of the Petition Date, even if unsatisfied.

41. Pursuant to section 544(a)(2) of the Bankruptcy Code, the Debtor is vested with the power of an unsatisfied judgment holder that has executed upon the Judgment and the Lien and levied upon the Assets, including the Real Property; and therefore, may avoid the Lien.

**WHEREFORE**, the Debtor respectfully requests this Court enter judgment in its favor and against the Defendants avoiding the Lien pursuant to section 544(a) of the Bankruptcy Code and providing such other, and further relief as the Court deems just and equitable.

## SECOND COUNT

## DISALLOWANCE OF PROOF OF CLAIM UNDER 11 U.S.C. §502(d)

42. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

43. The Court "shall disallow any claim of any entity… that is a transferee of a transfer avoidable under [sections 544 and 547 of Bankruptcy Code]…" 11 U.S.C §502(d).

44. Defendants filed the POC in the Debtor's chapter 11 case based upon the Claim.

45. Defendants are the recipient of an avoidable transfer: the Judgment and the Lien are avoidable pursuant to section 544(a) and/or section 547(b) of the Bankruptcy Code.

46. The POC must be disallowed under section 502(d), as Defendants have not returned the avoidable transfer.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against Defendants, disallowing the POC pursuant to section 502(d) of the Bankruptcy Code and providing such further relief as is just and equitable.

### THIRD COUNT

### DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM UNDER 11 U.S.C. §506(a)(1)

47. The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

48. "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C §506(a)(1).

49. The Claim and Lien are subordinate to the superpriority claims and first priority liens in the Debtor's Assets held by Tiger.

8

50.     The Claim must be bifurcated into a secured claim in the amount of the value of the Debtor's Assets subject to the Lien after accounting for the value of Tiger's first priority liens and any other superior liens in the Debtor's Assets, and an unsecured claim for the remainder.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against the Defendants, bifurcating the Claim into secured and unsecured portions pursuant to section 506(a) of the Bankruptcy Code, and providing such further relief as is just and equitable.

## FOURTH COUNT

## LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. §506(d)

51.     The Debtor incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

52.     Pursuant to section 506(d)(1) of the Bankruptcy Code, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

53.     To the extent the Claim is determined to be unsecured, this Court must enter a judgment voiding the Lien.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in its favor and against the Defendants, voiding the Lien to the extent the Lien exceeds the value of the allowed secured claim and such other relief as is just and equitable.

Dated: November 9, 2021        By:     */s/ Edmond M. George*
                                                                Edmond M. George, Esquire
                                                                Michael D. Vagnoni, Esquire (*pro hac vice*)
                                                                Turner N. Falk, Esquire
                                                                OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                                                1120 Route 73, Suite 420
                                                                Mount Laurel, NJ 08054-5108
                                                                Telephone: (856) 795-3300

4868-4993-4592

Facsimile: (856) 482-0504
E-mail:edmond.george@obermayer.com
michael.vagnoni@obermayer.com
turner.falk@obermayer.com
*Counsel to Chapter 11 Debtor*
*Aluminum Shapes, L.L.C.*

10

4868-4993-4592