| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>Steven M. Lucks<br>FISHKIN LUCKS LLP<br>One Gateway Center<br>Suite 1150<br>Newark, NJ 07102<br>(973) 536-2800<br>(973) 679-4429 (Facsimile)<br>slucks@fishkinlucks.com<br><br>Counsel to the Defendants<br>Direct Energy Business, LLC and<br>Direct Energy Business Marketing, LLC | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRECT ENERGY BUSINESS, LLC and DIRECT ENERGY BUSINESS MARKETING, LLC D/B/A DIRECT ENERGY BUSINESS,<br><br>        Defendants. | ADVERSARY NO. 21-01467<br><br>**ANSWER AND**<br><u>**AFFIRMATIVE DEFENSES**</u> |

Direct Energy Business, LLC and Direct Energy Business Marketing, LLC d/b/a Direct Energy Business (the "Defendants" or the "Creditors"), by and through its counsel, Fishkin Lucks LLP, respond to Aluminum Shapes, L.L.C.'s ("Plaintiff" or "Debtor") adversarial complaint, and sates as follows:

## PRELIMINARY STATEMENT

1.     Defendants admit only that Plaintiff has filed its Complaint under §§ 506 and 544, or title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., and Rules 7001(2) and (8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Defendants deny the remaining allegations contained in the paragraph 1 of the Complaint.

2.     Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

## I.     PARTIES

5.     The Defendants lack the information to admit or deny the allegations contained in paragraph 5 of the Complaint. To the extent that an answer is required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.     Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.     Defendants admit the allegations contained in paragraph 7 of the Complaint.

## II.     JURISDICTION AND VENUE

8.     Paragraph 8 of the Complaint draws a legal conclusion and thus does not require a response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.     Paragraph 9 of the Complaint draws a legal conclusion and thus does not require a response. To the extent that any response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint draws a legal conclusion and thus does not require a response. To the extent that any response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint draws a legal conclusion and thus does not require a response. To the extent that any response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants admit the assertions contained in paragraph 12 of the Complaint.

## III.     BACKGROUND

### The Debtor's Business and Bankruptcy

13.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit the assertions contained in paragraph 18 of the Complaint.

19.     Defendants admit the Debtor is the Plaintiff in the instant adversary proceeding and lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit that the Court entered an order on September 29, 2021; refer Plaintiff to that order, which speaks for itself; and lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit only that the plain language of the Complaint speaks for itself. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

<u>The Creditor's Claims</u>

27.     Defendants admit that they are retail energy providers that sell natural gas and electricity and otherwise deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that they filed claims for breach of contract, account stated, quantum meruit, and book account against the Debtor on August 26, 2019, in the Superior Court of New Jersey, Camden County, Docket Number L-003390-19, and otherwise deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants admit to the allegations contained in paragraph 33 of the Complaint.

<u>FIRST COUNT</u>

34.     Defendants incorporate their responses to the allegations in paragraphs 1-33 of the Complaint.

35.     Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is required.  To the extent that any response is required, Defendants deny the allegations in paragraph 37 of the Complaint and refer Plaintiff to N.J.S.A. § 2A:17-10, which speaks for itself.

38.     Paragraph 38 of the Complaint states a legal conclusion to which no response is required.  To the extent that any response is required, Defendants deny the allegations in paragraph 38 of the Complaint and refer Plaintiff to N.J.S.A. § 2A:17-10, which speaks for itself.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

<u>SECOND COUNT</u>

42.     Defendants incorporate their responses to the allegations in paragraphs 1-41 of the Complaint.

43.     Paragraph 43 of the Complaint states a legal conclusion to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendants admit to filing the POC in the Debtor's chapter 11 case and deny the remaining allegations contained in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

<u>THIRD COUNT</u>

47.     Defendants incorporate their responses to the allegations in paragraphs 1-46 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the complaint and refer Plaintiff to 11 U.S.C. § 506(a)(1), which speaks for itself. To the extent that any response in required, Direct Energy denies the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

## FOURTH COUNT

51.     Defendants incorporate their responses to the allegations in paragraphs 1-50 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint and refer Plaintiff to § 506(a)(1) of the Bankruptcy Code, which speaks for itself.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

## **AFFIRMATIVE DEFNSES**

1.     Plaintiff's claims are barred, in whole or in part, by the doctrine of *pari dilecto*, as "a party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in."  *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co*., 267 F.3d 340, 354 (3d Cir.2001) (quoting *Am. Trade Partners, L.P. v. A-1 Int'l Importing Enters., Ltd.*, 770 F. Supp. 273, 276 (E.D. Pa. 1991)).

2.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

3.     Plaintiff's claims are barred, in whole or in part, by the creation of a Constructive Trust prior to the bankruptcy filing.

4.     Defendants reserve the right to assert other affirmative defenses that may arise in the course of discovery or otherwise.

Dated: February 7, 2022

s/ *Steven M. Lucks*
Steven M. Lucks
FISHKIN LUCKS LLP
One Gateway Center
Suite 1150
Newark, NJ 07102
(973) 536-2800
(973) 679-4429 (Facsimile)
slucks@fishkinlucks.com

Counsel to the Defendants
Direct Energy Business, LLC and
Direct Energy Business Marketing, LLC