UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>Debtor. | Case No. 21-16520 (JNP)<br><br>Chapter 11 |
| ALUMINUM SHAPES, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT ENERGY BUSINESS, LLC, and<br>DIRECT ENERGY BUSINESS MARKETING, LLC,<br><br>Defendants. | Adv. Pro. No. 21-01467 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Aluminum Shapes, L.L.C. (the "Debtor") filed a motion for summary judgment (the "Motion") in this adversary proceeding against Direct Energy Business, LLC ("DEB") and Direct Energy Business Marketing, LLC ("DEBM" and collectively with DEB the "Defendants"). The crux of the Motion is whether the Defendants' judgment lien may be avoided pursuant to section 544 of Title 11 of the United States Code (the "Bankruptcy Code"). For the reasons discussed below, the Motion will be granted, in part.

### I. Background

In August 2019 the Defendants, providers of natural gas services, initiated a collection action against the Debtor in the Superior Court of New Jersey, Camden County, for debts alleged

to be owed to them (the "Pre-Petition Action"). On March 19, 2021, a judgment totaling $834,252.47 based upon an arbitration award was entered in favor of the Defendants and against the Debtor (the "Judgment").

The Defendants assert the Judgment automatically created a lien against the Debtor's real property in the state of New Jersey. See Adv. Dkt. No. 6 ¶ 31. No evidence was presented to show that the Defendants sought a writ of execution, or that one was issued, and the Defendants did not attempt to levy upon either the Debtor's real property or its personal property.[1]

On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Case No. 21-16520 ("Main Case"), Dkt. No. 1. The Debtor continues to manage its business as debtor in possession. On October 22, 2021, DEB filed an unsecured proof of claim in the amount of $834,252.47 (the "POC"). See POC No. 10025.

On November 9, 2021, the Debtor commenced this adversary proceeding alleging the Defendants failed to levy upon the Debtor's property and therefore the lien created by the Judgment (the "Judgment Lien") is avoidable under section 544(a) of the Bankruptcy Code. See Adv. Dkt. No. 1 (the "Complaint"). The Motion seeks summary judgment in the Debtor's favor for the following: (i) avoidance of any asserted lien pursuant to section 544 of the Bankruptcy Code; (ii) disallowance of the POC pursuant to section 502(d); and (iii) voiding any lien pursuant to section 506(d). See Adv. Dkt. No. 10 at 2.

---

[1] In their answer, the Defendants deny this assertion. Adv. Dkt. No. 6 ¶ 32. However, the Defendants do not present any facts to show they executed the Judgment or levied upon the Debtor's property. The Pre-Petition Action's docket also does not show a writ of execution was issued. Adv. Dkt. No. 1, Exhibit A. Further, in the opposition to the Motion, the Defendants claim the Debtor's officers urged them and other creditors to not execute their judgments, further suggesting the Defendants did not perfect the lien. See Adv. Dkt. No. 17.

2

## II. Jurisdiction

The court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and (K).[2]

## III. Discussion

### A. Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating there is no genuine dispute of material facts by citing to the record, depositions, documents, affidavits, admissions, and other materials. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The Motion partly relies on the certifications made by Jordan Meyers ("Meyers"), the Debtor's Interim Chief Financial Officer. The Defendants correctly argued that the Meyers initial certification was not sworn under penalty of perjury and therefore was not admissible evidence. See United States v. Branella, 972 F. Supp. 294, 300 (D.N.J. 1997) (unsworn certification made under penalty of "punishment" in a motion for summary judgment insufficient because it did not acknowledge the penalty was perjury). However, on March 18, 2022, the Debtor filed a supplemental certification with the proper declaration under penalty of perjury. See Adv. Dkt. No.

---

[2] Further, the parties consented to this Court entering a final judgment in this adversary proceeding. See Adv. Dkt. No. 19 ¶ 2.

3

20-2. Thus, the Court may consider the certifications made by Meyers for the purpose of this Motion. See Celotex, 477 U.S. at 323-24.

Once the movant meets its burden, the burden shifts to the non-moving party, who must present evidence establishing that a genuine dispute of material fact exists, making it necessary to resolve the difference at trial. Knauss v. Dwek, 289 F. Supp. 2d 546, 549 (D.N.J. 2003). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Cardenas v. Massey, 269 F.3d 251, 254-55 (3d Cir. 2001) (citation omitted).

### B. Avoiding the Lien Under Section 544

Under section 544(a) of the Bankruptcy Code, a trustee stands in the shoes of a hypothetical judgment lien creditor who may contest liens that are unperfected as of the date of the commencement of the case. 11 U.S.C. § 544(a)(1) and (2). Specifically, section 544(a)(1) provides:

> The trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains . . . a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

This is typically referred to as the trustee's "strong arm powers." In re Bridge, 18 F.3d 195, 198 (3d Cir. 1994). Further, a debtor in possession has all the rights and powers of a trustee, including the section 544(a) strong arm powers to contest an unperfected lien. 11 U.S.C. § 1107(a). In determining property rights in bankruptcy, courts look to applicable state law. See United States v. Butner, 440 U.S. 48 (1979). Under New Jersey law, a recorded judgment becomes an unperfected lien against all real property owned or thereafter acquired by the debtor in the local vicinage; only after it is docketed by the Clerk of Court in Trenton does it become a statewide

judgment lien. See N.J.S.A. 2A:16-1, 16-11; Brescher v. Gern, Dunetz, Davison & Weinstein, P.C., 245 N.J. Super. 365, 373 (App. Div. 1991). Further, to perfect a judgment lien, a creditor must levy upon the debtor's property. In re Flores, 2011 WL 44910, at *2 (Bankr. D.N.J. Jan. 6, 2011) (citing In re Blease, 605 F.2d 97 (3d Cir.1979)).[3]

Here, the Defendants have not offered any evidence that they levied upon the Debtor's property to perfect the Judgment Lien. The Pre-Petition Action's docket does not reflect any effort by the Defendants to obtain a writ of execution. See Adv. Dkt. No. 1, Exhibit A. Moreover, the Defendants have not proffered any evidence to show they took the necessary additional affirmative steps to attempt to levy upon the Debtor's personal or real property as mandated by N.J.S.A. 2A:17-1, nor have they asserted the Meyers certifications are false. See Raniere, 159 N.J. Super. at 335; Adv. Dkt Nos. 6, 17. Thus, there is no genuine dispute that the Defendants only hold an unperfected judgment lien.

A creditor holding an unexecuted levy on real property is a lower priority creditor than one who has already executed upon its lien, even if such execution remains unsatisfied and even if such creditor does not actually exist. In re Mariano, 339 B.R. 344, 347-48 (Bankr. D.N.J. 2006); see also In re Bobilin, 83 B.R. 258, 261 (Bankr. D.N.J. 1988) ("[A]s a hypothetical execution creditor, a bankruptcy trustee takes priority over, and therefore can avoid, the liens of nonlevying judgment creditors."). Courts have also held that the reason why a levy does not occur is irrelevant - all that matters for avoidance purposes is whether the property was properly levied. See In re

---

[3] In fact, a judgment creditor is required to take additional affirmative steps, including making a "good faith" effort to ascertain the location of the debtor's personalty within the county and deliver this information to the sheriff with the writ of execution. Raniere v. I & M Invs., Inc., 159 N.J. Super. 329, 335 (Ch. Div. 1978), aff'd, 172 N.J. Super. 206 (App. Div.), cert. denied, 84 N.J. 473 (1980) (citing N.J.S.A. 2A:17-1). It is only after the sheriff fails to satisfy the judgment from a levy upon the personal property that the creditor may levy upon the real property and perfect the judgment lien on the debtor's real property. Id.

Italiano, 66 B.R. 468, 480 (Bankr. D.N.J. 1986) (holding that the levy was not properly effected even though the debtor took affirmative steps, including refusing the sheriff entry, to prevent the levy from occurring); Batt v. Scully, 168 B.R. 541, 545 (D.N.J. 1994) ("[Section 544(a)] gives the Trustee the power to defeat any unperfected security interests as of the date of the filing.") (emphasis added).

Here, there is no genuine dispute that the Defendants did not levy upon the Debtor's real property, making them a lower priority creditor than the Debtor as a hypothetical judgment lien creditor. See Mariano, 339 B.R. at 347-48 (citing 11 U.S.C. § 544(a)). The Defendants assert the Debtor's officers and counsel urged creditors to not execute their judgments; however, they do not offer any evidence to support this assertion. See Adv. Dkt. No. 17. Even if this assertion was true, the reason as to why the Defendants did not execute the Judgment Lien or levy upon the Debtor's property is not relevant for section 544(a) avoidance purposes. See Italiano, 66 B.R. at 480.

The Defendants raise three barebones affirmative defenses to the Debtor's claims. First, the Defendants claim that under the doctrine of *in pari delicto* "a party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in." Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 354 (3d Cir. 2001) (citation omitted). The Defendants do not allege any facts to support this affirmative defense. Moreover, *in pari delicto* is inapplicable when a trustee (or debtor in possession) brings an avoidance action under section 544(a) of the Bankruptcy Code. In re Norvergence, Inc., 405 B.R. 709, 742 (Bankr. D.N.J. 2009) (citing In re The Personal & Bus. Ins. Agency, 334 F. 3d 239 (3d Cir. 2003)).

The Defendants' second affirmative defense of unclean hands is duplicative as it is the "twin" equitable defense of *in pari delicto*. Inter Med. Supplies Ltd. v. EBI Med. Sys., Inc., 975 F. Supp. 681, 687 (D.N.J. 1997), aff'd and remanded, 181 F.3d 446 (3d Cir. 1999); see also In re NJ Affordable Homes Corp., 2013 WL 6048836, at *29 (Bankr. D.N.J. Nov. 8, 2013) (*in pari delicto* runs "parallel" to the doctrine of unclean hands). Moreover, courts have held that the "the 'unclean hands' of a pre-petition debtor are not imputed to a debtor-in-possession or trustee." In re Aimtree Co., 202 B.R. 154, 159 (D. Kan. 1996) (citing In re Sanborn, 181 B.R. 683, 692 n.15 (Bankr. D. Mass. 1995); In re Bell & Beckwith, 89 B.R. 632, 640 (Bankr. N.D. Ohio 1988)). As a matter of law, the defenses of *in pari delicto* and unclean hands fail.

The Defendants' third alleged affirmative defense is constructive trust. "A constructive trust is a measure through which a court of equity can prevent unjust enrichment and compel a restoration of property to a plaintiff that 'in good conscience does not belong to the defendant.'" In re Allen, 2012 WL 693461, at *13 (Bankr. D.N.J. Mar. 2, 2012) (citations omitted). However, bankruptcy courts are hesitant to impose a constructive trust even if a debtor has clearly acted inequitably if it would disturb the equal treatment of creditors. See, e.g., In re Kulzer Roofing, Inc., 139 B.R. 132, 142 (Bankr. E.D. Pa. 1992), aff'd, 150 B.R. 134 (E.D. Pa. 1992) ("[T]his court has rarely imposed such constructive trusts, because it has recognized that constructive trusts are viewed 'as tantamount to giving preference to particular creditors in bankruptcy distribution, and . . . their recognition should be sparingly legitimized.'") (citing In re Temp–Way Corp., 80 B.R. 699, 704 (Bankr. E.D. Pa. 1987)). Here, imposing a constructive trust would allow the Defendants to recover property they did not properly levy upon, which would afford the Defendants

preferential treatment over other unsecured creditors. This Court declines to do so in this case where the Defendants appear to have voluntarily decided not to take action to protect their rights.[4]

Further, in order to defeat a motion for summary judgment, the non-movant bears the burden of establishing that, drawing all inferences in their favor, they are entitled to an asserted affirmative defense. Shubert v. Mull (In re Frey Mech. Grp., Inc.), 446 B.R. 208, 214 (Bankr. E.D. Pa. 2011) (citing Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990)). Mere assertions of affirmative defenses are not enough. Id.; see also Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs., 982 F.2d 884, 890 (3d Cir.1992) (confirming a non-movant cannot merely rely on vague denials and general allegations to defeat a motion for summary judgment). The Defendants fail to meet their burden because they do not offer evidence, such as affidavits, declarations, or certifications, as support for any of their affirmative defenses. See Shubert, 446 B.R. at 214; Adv. Dkt Nos. 6, 17. Specifically for the constructive trust defense, the Defendants have failed to assert any facts to show the Debtor was unjustly enriched to justify the Court's imposition of the rarely utilized equitable doctrine.

Accordingly, the Debtor, through its strong arm powers under section 544(a)(1), may avoid the Judgment Lien as there is no genuine issue of material fact and no viable affirmative defense offered by the Defendant. Summary judgment will be entered for the first count of the Complaint.

### C. Disallowance of the POC Under Section 502(d)

In addition to avoiding the Judgment Lien, the Motion argues the Court should disallow the POC under section 502(d) of the Bankruptcy Code. See 11 U.S.C. § 502(d). Section 502(d)

---

[4] "[E]quity aids the vigilant, not those who sleep on their rights." Brick Plaza, Inc. v. Humble Oil, 218 N.J. Super. 101, 104-05 (App. Div. 1987) (citing Stout v. Seabrook's Ex'rs, 30 N.J. Eq. 187, 190-91 (Ch. 1878), aff'd o.b., 32 N.J.Eq. 826 (E. & A. 1880)).

states the court "shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under [section 544] of the Bankruptcy Code . . . ." Id. The Debtor reasons that because the Defendants are recipients of an avoidable transfer under section 544 and they "have not returned the avoidable transfer," the Court should disallow the POC. See Adv. Dkt. No. 17 at 14-15.

However, at the hearing held on March 29, 2022, the Debtor stated it does not object to the POC as an unsecured claim and it would voluntarily withdraw its other claims for relief if its section 544(a) claim succeeded. Thus, the request to disallow the POC is denied and the POC will remain as an allowed, unsecured claim.

### D. Voiding the Lien Pursuant to Section 506(d)

The Motion also argues the Court should void the Judgment Lien pursuant to section 506(d) of the Bankruptcy Code. Section 506(d)(1) states: "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d)(1). In accordance with the Court's decision to grant summary judgment for the section 544(a) avoidance claim and the Debtor's statements at the March 29, 2022 hearing that it would not seek any other form of relief, the Court will deny the Debtor's section 506(d) claim.

### IV. Conclusion

In sum, it is undisputed that the Defendants did not levy on account of the Judgment Lien. Therefore, the Debtor, using its strong arm powers, may avoid the Judgment Lien pursuant to section 544(a) of the Bankruptcy Code and is thus entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Still, the POC will remain an allowed and unsecured claim.

Dated: May 2, 2022

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE